In the Matter of NEIL H. GREENBERG, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 25, 1989

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Lawton W. Squires* of counsel), for petitioner.

*Kase & Drucker (John Lawrence Kase* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by

this court on February 17, 1982. By order of this court dated December 9, 1988, the respondent was suspended from the practice of law pending the outcome of this disciplinary proceeding and until the further order of this court.

In this proceeding the Special Referee sustained the two allegations of professional misconduct. The petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to confirm the report and for "the minimum discipline under the law".

Charge one alleged that the respondent was convicted of a criminal act in that, on June 14, 1988, he entered a plea of guilty in the County Court, Nassau County, to making an apparently sworn false statement in the second degree, in violation of Penal Law § 210.35, a class A misdemeanor, and was sentenced on July 29, 1988, to pay a $1,000 fine, to a conditional discharge, and to 80 hours of community service. Charge two alleged that the aforementioned conviction constitutes a "serious crime" within the meaning of 22 NYCRR 691.7 (b) of the rules of this court.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining charges one and two, and find the respondent guilty of the misconduct charged. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee, and is otherwise denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent, including the fact that the respondent has already been punished for his misconduct, that the respondent was experiencing personal and financial problems at the time of the misconduct, that the respondent cooperated throughout this proceeding, that the respondent has a previously unblemished record, and that the misconduct was not related to the respondent's practice of law. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for a period of three years from the date of this opinion and order and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and KUNZEMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that it seeks to confirm the report of the Special Referee and is otherwise denied; and it is further,

Ordered that the respondent Neil Greenberg, is suspended from the practice of law for an additional period of three years from the date of this opinion and order and until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of that period of three years upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Neil Greenberg is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.